IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, Inc.<br><br>      Plaintiff,<br> v.<br><br>U.S. CAPITOL POLICE<br><br>      Defendant | Civil Cause of Action No.<br><br>1:21-cv-00401-FYP |

**MOTION OF COUNSEL JONATHON A. MOSELEY REPRESENTING CRIMINAL DEFENDANT OATH KEEPER KELLY MEGGS FOR LEAVE OF COURT TO INTERVENE IN SUPPORT OF PLAINTIFF JUDICIAL WATCH'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 24(b)(1)(B), Kelly Meggs, by counsel Jonathon A. Moseley and counsel Jonathon A. Moseley hereby move to intervene in the action by Judicial Watch for the sole and limited purpose of providing Jonathon Moseley's sworn declaration from his actual, first-hand knowledge relevant to the case of the documents and records that Judicial Watch seeks disclosure of.

**I. GOVERNING LAW**

Federal Rules of Civil Procedure ("FRCP") Rule 24 governs intervention by additional parties in existing litigation in the federal courts:

  **Rule 24. Intervention**

   (a) Intervention of Right. On timely motion, the court must permit anyone
   to intervene who:
    (1) is given an unconditional right to intervene by a federal
   statute; or
    (2) claims an interest relating to the property or transaction that
   is the subject of the action, and is so situated that disposing of the

action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.
   (1) *In General.* On timely motion, the court may permit anyone to intervene who:
      (A) is given a conditional right to intervene by a federal statute; or
      (B) has a claim or defense that shares with the main action a common question of law or fact.

   (2) *By a Government Officer or Agency.* On timely motion, the court may permit a federal or state governmental officer or agency to intervene if a party's claim or defense is based on:
      (A) a statute or executive order administered by the officer or agency; or
      (B) any regulation, order, requirement, or agreement issued or made under the statute or executive order.
   (3) *Delay or Prejudice.* In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

(c) Notice and Pleading Required. A motion to intervene must be served on the parties as provided in Rule 5. The motion must state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought.

## II.   STATEMENT OF FACTS RELEVANT TO MOTION

1. Today, Jonathon Moseley is the criminal defense attorney of record for Oath Keeper Kelly Meggs, a criminal defendant charged under allegations concerning events on or about January 5-6, 2021, in and around the District of Columbia, in the case of *United States v. Stewart Rhodes, et al.,* Criminal Case No. 1:22-cr-00015 (previously structured as part of *United States v. Thomas Caldwell, et al.*, Criminal Case No. 1:21-cr-00028).

2. As a criminal defense attorney defending an Oath Keeper member who is in pre-trial detention and facing prosecution relating to events happening on or about January 5-

    6, 2021, in the District of Columbia, I have been provided access under Rule 16 of the Federal Rules of Criminal Procedure and *Brady v. Maryland* to the documents and records that Judicial Watch is seeking in this case (although the massive amount of data has been produced to the criminal defense attorneys in ineffective, disorganized, technically deficient ways).

3. Having seen the documents and records under the Court's Protective Order, Jonathon Moseley can testify and affirm, and hereby does so, that there is no valid reason for the documents and records to be withheld from the public.

4. Moseley is providing the attached sworn Declaration as information that the Court needs to consider upon the submitted Motion for Summary Judgment and Cross-Motion for Summary Judgment.

## III. ARGUMENT

1. Rule 56 of the Federal Rules of Civil Procedure allow for a decision on summary judgment to be made supported by declarations / affidavits in addition to other grounds.

2. The Intervenor's unique, personal, first-hand knowledge (which can be confirmed by the Court as necessary) is valuable and important to the Court's consideration of the pending motions on summary judgment.

3. In addition, Kelly Meggs as a criminal defendant is being personally prejudiced by the one-sided tsunami of false but prejudicial information while the Government including the U.S. Capitol Police pick and choose what information with which to smear these Defendants in public and condemn them in public, while withholding an equal measure of exculpatory information.

4. The Court is being harmed because this intolerable, lopsided situation violating Due Process of the criminal Defendants is causing Defense counsel to even now prepare many motions for a change of venue and motions to dismiss for violation of Due Process by the jury pool being incurably influenced.

5. Various Defendants' counsel are spending an enormous amount of time and money on being forced to seek a change of venue due to the one-sided tsunami of false information prejudicial to the criminal Defendants.

## IV.     CONSULTATION WITH THE PARTIES

Putative Intervenors requested the position of the Parties to the lawsuit on the mid-afternoon of February 10, 2022.  Putative Intervenors have not received a response as of this filing.  Counsel Moseley has found that Judicial Watch generally does not respond to Moseley's inquiries or suggestions.

## V.     CONCLUSION

The Court should allow the intervention for the sole purpose of providing the first-hand information personally known by the Intervenors in the form of attorney Jonathon Moseley's sworn Declaration, with no other involvement contemplated. The Intervenors do not ask to participate directly in any motions, argument, or other proceedings.

*[Signature: Jonathon Moseley]*

USDCDC Bar No. VA005
Virginia State Bar No. 41058
Mailing address only:
5765-F Burke Centre Parkway, PMB #337
Burke, Virginia 22015
Telephone:  (703) 656-1230
**Contact@JonMoseley.com**
**Moseley391@gmail.com**

### CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2022, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following CM/ECF participants.  From my review of the PACER / ECF docket records for this case that the following attorneys will receive notice through the ECF system of the U.S. District Court for the District of Columbia.

**Mr. James F. Peterson, Esq.**
**Mr. Michael Bekesha, Esq.**
JUDICIAL WATCH, Inc.
425 Third Street, S.W., Suite 800
Washington, DC 20024,
Telephone: (202) 646-5175
Email: **jpeterson@judicialwatch.org**
Email: **mbekesha@judicialwatch.org**
Counsel for Plaintiff

**Mr. Michael Andrew Zee, Esq.**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone: (415) 436-6646
(415) 436-6632 (fax)
Email:  **m.andrew.zee@usdoj.gov**

5