IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, Inc.<br><br>                Plaintiff,<br>v.<br><br>U.S. CAPITOL POLICE<br><br>                Defendant | Civil Cause of Action No.<br><br>1:21-cv-00401-FYP |

**DECLARATION OF KELLY MEGGS, CRIMINAL DEFENDANT
AND MEMBER OF THE OATH KEEPERS,
IN SUPPORT OF PLAINTIFF JUDICIAL WATCH'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

I, Kelly Meggs, a resident and citizen of Dunellon, Florida, executing this sworn Declaration within the jurisdiction of the District of Columbia, hereby submit this sworn declaration in support of the Plaintiff JUDICIAL WATCH, Inc., pursuant to 28 U.S.C. § 1746, and hereby declare and state as follows:

1. I am over the age of 18 years old and legally able to make this sworn declaration.

2. I am personally knowledgeable of all of the matters averred herein.

3. I am personally harmed legally, financially, and physically by the inappropriate withholding of documents, records, and video and audio recordings by inappropriate designations of secrecy by the U.S. Capitol Police and others in my unjust and unwarranted pre-trial incarceration for now almost a year expected to stretch to a year and a half, in the difficulty and expense of my legal criminal defense, and in my reputation and harm to my income and financial resources.

4. I am personally affected by whether or not the documents, records, including video

and audio recordings, sought by Judicial Watch, Inc. are improperly designated as "sensitive" (that is secret) and withheld from public release and view.

5. I understand that Judicial Watch seeks release in the public interest of documents and other records including video recordings depicting, about, or related to events that occurred on or about January 5-6, 2021, in the District of Columbia.

6. I understand that the U.S. Capitol Police seeks to prevent public disclosure of these same documents and records so that the public can more easily be deceived and misled by being told only what the Government wishes to selectively reveal.

7. I am currently facing criminal prosecution in the U.S. District Court for the District of Columbia, for which I have pleaded not guilty and I am awaiting trial.

8. Therefore, to preserve my right under the Fifth Amendment not to be forced to testify against myself, I will not make any statements officially about the merits of the case against me or my defenses or the substance of what I have done or not done in relation to any of the matters charged in the case of *United States of America v. Stewart Rhodes*, Criminal Case No. 1:22-cr-00015.

9. I understand that to preserve my Fifth Amendment rights I can neither say things officially that would be helpful to my case nor harmful.  The right to remain silent with regard to the case against me works in both directions.

10. However, I can and will now explain how the U.S. Government's unnecessary and inappropriate restrictions on the availability of video recordings from the events of January 5-6, 2021, are directly interfering with and harming my legal defense and interfering with my due process rights and ability to get a fair trial in this District.

11. The Government's unnecessary and difficult restrictions and handling of disclosures

and discovery of the estimated 14,000 to by now probably close 20,000 hours of video and audio recordings from events occurring in January 5 to 6, 2021, in Washington, D.C. is directly interfering with my ability and my attorney's ability to prepare my legal defense for my pending legal trial scheduled for July 11, 2022.

12. Although in theory my attorney and I would have access to the information to prepare for trial, in reality that is very far from what is happening.

13. So severely unworkable is the Government's disclosures to Defendants that My attorney is filing a motion to have the entire system being used by the prosecutors to be tossed out completely and that the prosecutor's should start over using old-school, hard-copy paper instead of the computer systems that have been failing.

14. Another attorney in the same case, originally USA v. Thomas Caldwell, Case 1:21-cr-00028, now split into USA v. Stewart Rhodes, Case No, 1:22-cr-00015, believes that the problems are so severe that the criminal prosecutions must be dismissed as a violation of the Due Process clause of the U.S. Constitution.

15. However the failures of the software systems that have apparently been over-hyped, over-promised, and over-sold by their vendor companies at the Government's expense are made greatly more severe and more complex by the attempts of the U.S. Capitol Police and others to treat These topics as top Secret.

16. That is, as unfortunate as the various software systems are for discovery disclosures in the criminal case, they are actually being swamped and are choking on (1) the volume of information and (2) the unnecessary layers of restrictions due to the unnecessary claims of secrecy.

17. The Government is treating the information with such inappropriate and nonsensical

levels of security that it is nearly impossible for my attorney to access the information and take notes and make excerpts in order to prepare for trial.

18. I am detained in jail waiting trial.

19. Therefore, I am being directly harmed.

20. My trial has already been delayed twice, the first time almost entirely due to the problems with accessing this same information from the Government to analyze it and prepare for trial.

21. I would either have been released on bail with full and accurate information being released or I would have been through trial already if it were not for these serious problems.

22. It is costing my attorney hundreds of extra hours to process this badly-disorganized discovery process on failing (choking) software systems because this information that Judicial Watch is seeking is being treated as improperly secret.

23. My attorney is being directly distracted and impeded in preparing my case for trial.

24. The improper and unnecessary obstructions placed on the trial by the Government treating it as confidential and secret is likely to postpone the trial further beyond July 11 while I am waiting in detention.

25. Withholding this information allows partisan advocates to lie about me and my co-Defendants, continually and persistently polluting the jury pool and prejudicing my due process rights in the pending criminal trials.

26. Full and open release without biased selection would allow a true, fair, accurate, and just understanding of all of what happened, which would both contradict and restrain false and misleading lies being spread about me and my co-Defendants.

27. In fact, the inappropriate levels of inapplicable secrecy is directly harming and paralyzing the criminal prosecutions and the efforts of hundreds of defense attorneys to prepare for trial. The abuse of the Protective Order is creating complications that are violating the Due Process rights of the criminal defendants because of the deluge of information being filtered through nonsensical layers of unnecessary computer restrictions. Trials are being delayed purely because of the problems with the disclosures and discovery information under these improper restrictions.

I hereby certify under the penalty of perjury that the foregoing Declaration is true and correct to the best of my knowledge and belief.

DATED: 2/19/22

Mr. KELLY MEGGS