# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CAPITOL POLICE, <br><br> Defendant. | Case No. 1:21-cv-00401-FYP |

## JOINT STATUS REPORT

The parties submit this joint status report pursuant to the Court's August 11, 2022 minute order, which stayed the Court's August 10, 2022 minute order and directed the parties to meet and confer "to discuss whether Plaintiff may obviate the need for supplemental briefing on the *Larson-Dugan* exception by amending the complaint," and to submit a joint status report. In its August 10 order, the Court had ordered supplemental briefing on "whether a suit brought under the *Larson-Dugan* exception may proceed against an agency, rather than an individual officer."

The parties have conferred and report their positions as follows.

**Plaintiff's Position**: Plaintiff believes amending the Complaint to name the Chief of the Capitol Police and/or the other members of the USCP Executive Team would obviate the need for any additional briefing on the *Larson-Dugan* exception. Defendant, on the other hand, continues to assert that the *Larson-Dugan* exception would still not apply because Plaintiff has not alleged that an officer has acted beyond statutory authority or unconstitutionally. However, the D.C. Circuit has already concluded that that assertion is without merit. As Plaintiff demonstrated in its briefing, the D.C. Circuit has held that no separate waiver of sovereign immunity is needed if a writ of mandamus is sought to compel performance of a duty *Washington Legal Foundation v.*

1

*U.S. Sentencing Comm'n*, 89 F.3d 897, 901 (D.C. Cir. 1996) ("*WLF II*") (relying on the "*Larson-Dugan* exception" set forth in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682, 689 (1949) and *Dugan v. Rank*, 372 U.S. 609, 621-22 (1963)).  In addition, here, like in *WLF II*, because the "question of jurisdiction merges with the question on the merits" (*WLF II* at 902), sovereign immunity does not prevent this case from moving forward.

**Defendant's Position**: If Plaintiff were permitted to amend the Complaint to name as Defendant(s) the Chief of the Capitol Police or other USCP officers, the lawsuit would nonetheless be barred by sovereign immunity, and the *Larson-Dugan* exception would continue to be inapplicable.  As the USCP argued in its summary judgment briefing, the *Larson-Dugan* exception to sovereign immunity applies only when a plaintiff has alleged that a government officer has acted beyond statutory authority or alleged unconstitutional action by that officer.  *See* ECF No. 12-2 at 6-7; ECF No. 25 at 2-4.  And, as the USCP noted in its briefing, *see* ECF No. 25 at 3, the D.C. Circuit in *Washington Legal Foundation v. U.S. Sentencing Commission* elided this issue when it determined that the applicability of the *Larson-Dugan* exception merged with the merits of the plaintiff's claim, 89 F.3d at 902.  Thus, a plaintiff must not only name an individual officer, but must also allege that that officer has acted beyond statutory authority or unconstitutionally.  Plaintiff here has done neither—its suit is against the United States Capitol Police, not an individual officer, and it alleges only a common law claim, the violation of a common law right of access to records.  Amending the Complaint to name an individual USCP officer (or officers) as Defendant(s) would not overcome sovereign immunity because Plaintiff has not asserted—nor could it assert—any claim that those officers have acted beyond statutory authority or that those officers have acted unconstitutionally.

Dated:  August 23, 2022 　　　　　　　Respectfully submitted,

/s/ Michael Bekesha  
Michael Bekesha (D.C. Bar No. 995749)  
James F. Peterson (D.C. Bar No. 450171)

JUDICIAL WATCH, INC.  
425 Third Street S.W., Suite 800  
Washington, DC 20024  
(202) 646-5172

*Counsel for Plaintiff*


BRIAN M. BOYNTON  
Principal Deputy Assistant Attorney General

JOHN R. GRIFFITHS  
Director  
Federal Programs Branch

MARCIA BERMAN  
Assistant Director  
Federal Programs Branch

/s/ M. Andrew Zee  
M. ANDREW ZEE (CA Bar No. 272510)  
Attorney  
United States Department of Justice  
Civil Division, Federal Programs Branch  
450 Golden Gate Ave.  
San Francisco, CA 94102  
Tel: (415) 436-6646  
Fax: (415) 436-6632  
E-mail: m.andrew.zee@usdoj.gov

*Counsel for Defendant*