IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES CAPITOL POLICE, *et al.*, <br><br> Defendants. | No. 1:21-cv-00401-ACR |

**DEFENDANTS' SUPPLEMENTAL BRIEFING**

Following reassignment of this case to this Court, the Court invited the parties to submit, by March 24, supplemental briefing on their pending cross-motions for summary judgment, updating the Court on any developments in the case or case law since the parties' September 12, 2022 Joint Status Report. March 10, 2023 minute order. The Court further provided that there will be no responses or replies. Defendants are not aware of any new developments relevant to the pending cross-motions, other than the authority provided in Defendants' September 21, 2022 Notice of Supplemental Authority (ECF No. 34). Defendants nonetheless address below an issue that Plaintiff recently raised with defense counsel regarding release of the requested video surveillance footage to Tucker Carlson. Defendants expect Plaintiff to brief this issue in its supplemental briefing and therefore address it below, in light of the simultaneous nature of the supplemental briefing and the unavailability of responses or replies.

Among the issues in this case is Plaintiff's request to the U.S. Capitol Police (USCP) for sensitive video surveillance footage from the insurrection attempt at the U.S. Capitol on January 6, 2021. Plaintiff seeks this footage from the USCP not under the Freedom of Information Act (FOIA), because the USCP is part of the Legislative Branch and therefore not subject to FOIA,

but under an asserted common law right of access to public records.

In its summary judgment briefing, the USCP argued, *inter alia*, that surveillance video footage from the USCP's security camera system is not a "public record" because it is not "a government document created and kept for the purpose of memorializing or recording an official action, decision, statement, or other matter of legal significance, broadly conceived." *Washington Legal Foundation v. U.S. Sentencing Com'n*, 89 F.3d 897, 905 (D.C. Cir. 1996). Raw surveillance footage, by definition, does not memorialize or record any official action; it simply records everything within view of the camera system. Moreover, the requested footage is recorded for national security and law enforcement purposes, not to memorialize or record official action. ECF No. 12-2 at 11–13; ECF No. 25 at 4–5. And Defendants specifically addressed Plaintiff's argument that the footage is a public record because the USCP "'already has released portions to multiple entities for a wide range of purposes.'" ECF No. 25 at 5 (quoting Pl.'s Mem. at 6). Defendants explained that release of the footage to law enforcement agencies "do[es] not alter the fundamental nature of the footage itself" and make it created and kept for the purpose of memorializing official action. *Id.* at 5–6.

Plaintiff recently asked defense counsel whether the USCP would be releasing the requested video footage to Plaintiff in light of the Speaker of the House of Representatives providing access to the footage to Tucker Carlson and Fox News. Defense counsel responded that the USCP's position had not changed and pointed Plaintiff to Defendants' argument that release of the footage does not transform it into something that was created and kept to memorialize official action. Because the footage is not a public record to begin with, Plaintiff has no right of access to it, and there can be no waiver of any right to withhold it effectuated by release of the footage to others.

In any event, the USCP did not release any of the footage to Tucker Carlson or Fox News.

Rather, it provided access to the Capitol's video system to Congressional committees, pursuant to 2 U.S.C. § 1979(c)—specifically, to the January 6 Select Committee and more recently to the Committee on House Administration (CHA). *See* Declaration of the General Counsel for the USCP Thomas A. DiBiase, filed in *United States v. Pope*, Case No. 21-cr-128 (D.D.C.), ECF No. 88-1, at ¶ 10. The USCP provided CHA with terminals for viewing the footage and was not informed that anyone other than Members of CHA and the committee's staff would review the footage. *Id.* The USCP subsequently learned through a report from the media that members of the Tucker Carlson Show were given access to the footage provided to CHA. *Id.* ¶ 11. The USCP requested the opportunity to review each clip that might be made public, as was the case with the January 6 Select Committee. *Id.* ¶ 13. Ultimately, the USCP was provided an opportunity to review only one clip before it aired on the Tucker Carlson Show. *Id.* ¶ 14. The USCP approved the release of this clip because it was substantially similar to a clip used in the Impeachment Trial and was publicly available. *Id.* The USCP did not have an opportunity to view or approve any of the other approximately 40 clips publicly released by the Tucker Carlson Show. *Id.*

## CONCLUSION

For the foregoing reasons, and for the reasons stated in Defendants' summary judgment briefing, the Court should enter summary judgment in favor of Defendants on all of Plaintiff's claims.

DATED: March 24, 2023                Respectfully submitted,

                                     BRIAN M. BOYNTON
                                     Principal Deputy Assistant Attorney General
                                     Civil Division

                                     MARCIA BERMAN
                                     Assistant Branch Director

        /s/ Kevin K. Bell
KEVIN K. BELL (GA Bar No. 967210)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Telephone: (202) 305-8613
Fax: (202) 616-8460
Email: kevin.k.bell@usdoj.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

On March 24, 2023, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court for the District of Columbia, using the electronic case filing system of the court. I hereby certify that I have served all parties electronically or by another manner authorized by Fed. R. Civ. P. 5(b)(2).

    /s/ Kevin K. Bell
KEVIN K. BELL (GA Bar No. 967210)
Trial Attorney
Federal Programs Branch, Civil Division
U.S. Department of Justice
1100 L St. NW
Washington, DC 20005
Telephone: (202) 305-8613
Fax: (202) 616-8460
Email: kevin.k.bell@usdoj.gov
*Counsel for Defendants*